ANTONIO BENÍTEZ ET AL., Petitioners, v. DISTRICT COURT OF HUMACAO ET AL., Respondents.

No. 45. Argued December 17, 1928.—Decided May 7, 1929.

*F. Rodríguez Alverio* for the petitioners. *González Fagundo & González Jr.* for defendant Valladares.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a case where the petitioners had a clear opportunity to appeal from a judgment of the District Court of Humacao, but their attempted appeal was dismissed. The preliminary writ of prohibition was issued in this case because the petitioners averred that the said district court lacked jurisdiction to render its judgment. The petition recited that the defendants in the original suit were sureties on a bond in favor of the People of Porto Rico, whereas the plaintiff was a materialman, not a party to the bond. The original theory of the court below was that, as one of the conditions of the bond was that the contractor should pay the materialmen, an individual materialman might bring the suit against the sureties.

A right of action existed clearly in favor of the People of Porto Rico, as is conceded. Whether a suit might not be brought by it for the benefit of a materialman we are not so sure. In the latter event where the beneficiary sues directly it is possible that the lack of the real party plaintiff could be waived.

Some of the members of this court incline to the view that a materialman may sue directly where a bond to discharge obligations is given by the contractor to the People of Porto Rico, and none of us is prepared to say that this view should not prevail. The case of *Municipality of Fajardo* v. *Axtmayer*, 31 P.R.R. 780, is not totally decisive of the question, as the facts were different and the case was disposed of, partially at least, on other grounds.

All these questions might have been resolved by the appeal which resulted abortive, and on this application where we have not the whole proceedings before us, and hence can not say positively that the court lacked jurisdiction, we do not feel ourselves entitled to annul its action.

Section 3 of the Act of March 10, 1904, Session Laws p. 132, authorizing writs of prohibition, after telling the manner and method of issuing such a writ, says: "Providing that a writ of prohibition can not be issued to restrain action of inferior courts properly reviewable by appeal." While we have been at pains to interpret these words so as not to defeat the intention of the Act otherwise expressed, we think where a judgment arises and the appeal is lost through the fault of the parties themselves that the action of the court below was one "properly reviewable by appeal."

Let the writ be quashed.